UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| In the Matter of:<br><br>Melissa L. Drake,<br><br>      Debtor.<br>_____/ | Case No. DG-10-06798<br>Chapter 7<br><br>Hon. Scott W. Dales |
| DRASCO VENTURES, LLC, a Michigan limited liability company, DRAKE & SCOTT, PLLC, a Michigan professional limited liability company, and BRIANNA T. SCOTT, a Michigan individual, | Adversary Proceeding No._____ |

                     Plaintiffs,

v.

MELISSA L. DRAKE,

      Defendant.

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS**

     NOW COMES Plaintiffs through counsel and in support of its Complaint to Determine Dischargeability of Indebtedness, states as follows:

     1.    Plaintiff Drasco Ventures, LLC ("Drasco") is a Michigan limited liability company with a registered office address of 75 W. Apple Ave., Muskegon, Michigan.

     2.    Plaintiff Drake & Scott, PLLC ("D&S" or "Firm") is a Michigan professional limited liability company with a registered office address of 75 W. Apple Ave., Muskegon, Michigan. Drasco and D&S are collectively referred to as the "Companies."

     3.    Plaintiff Brianna T. Scott is an individual residing and working in Muskegon County, Muskegon, Michigan.

1

4. Defendant Melissa L. Drake is an individual residing and working in Muskegon County, Muskegon, Michigan.

5. This adversary proceeding is being initiated to determine the dischargeability of certain indebtedness owing to Plaintiffs by Melissa Drake.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC 157 and 1334 because this proceeding arises out of the above referenced Chapter 7 case currently pending in this federal judicial district.

7. This adversary proceeding is a core proceeding pursuant to 28 USC 157(b)(2)(I).

### COUNT I – 28 USC 523(a)(2)(A), (a)(4), and (a)(6)

8. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

9. Defendant Drake, a shareholder in the Drake & Scott, PLLC law firm ("Firm") converted funds that were the property of the Firm for herself in a number of ways, including but not limited to:

    A. Bartering with clients for the performance of personal services for Defendant in lieu of payment to the Firm on outstanding invoices;

    B. Diverting Firm monies to herself in violation of the Firm's Operating Agreement; and

    C. Payment of improper compensation that was not earned or due to Defendant.

10. As a result of Defendant's improper conduct, Plaintiffs filed a judicial dissolution action, including other counts for repayment of monies improperly converted by Defendant, in the Muskegon County Circuit Court, Case No. 10-47042-CB. The Muskegon County Circuit Court issued a Temporary Restraining Order against Defendant on January 12, 2010, which

required, among other things, that Defendant bill for services rendered in January of 2010 through the Firm. On February 17, 2010, the Muskegon County Circuit Court converted the TRO into a Preliminary Injunction, which required, among other things, that Defendant take certain actions and restrain from certain actions so that all work performed by Defendant would be remitted to the Firm for services rendered by Defendant in January of 2010.

11. Defendant flagrantly violated both the TRO and Preliminary Injunction Orders. A Motion for Contempt was filed, an evidentiary hearing on the motion had begun but had not concluded and the continuation of the contempt hearing was pending at the time Defendant filed her Chapter 7 proceeding on May 27, 2010. The filing of Defendant's bankruptcy came immediately after the Muskegon County Circuit Court denied Defendant's Motion to Quash relating to a subpoena issued by Plaintiffs to National City Bank. Production of records in response to that subpoena, Plaintiffs are convinced, will demonstrate that Defendant processed billings from her new firm, Law Offices of Melissa Drake, in direct violation of the Muskegon County Circuit Court's TRO and Preliminary Injunction and, further, that she personally absconded with such funds that did not belong to Defendant, or her firm and that, in point of fact, were to be remitted to the Firm in compliance with the TRO and Preliminary Injunction.

12. Defendant has also taken and converted personal property owned by the Firm and that is security for Independent Bank, the Firm's secured creditor. In this regard, Plaintiffs know that Defendant has taken office furniture, including desk, credenza, chairs, computers, as well as other personal property and office supplies owned by the Firm or Ms. Scott individually.

WHEREFORE, Plaintiffs request that this Court enter a Judgment in their favor, together with applicable interest and costs of collection, and further finding that the debts are not dischargeable together with any additional relief at law or equity this Court deems just.

## **COUNT II – 11 USC 523(a)(6)**

13. In retaliation of the TRO issued by the Muskegon County Circuit Court against Defendant on January 12, 2010, Defendant, on January 13, 2010, sought a Personal Protection Order against Plaintiff Scott in Oceana County.

14. Defendant did not file a Petition for a Personal Protection Order in Muskegon County before filing her Petition for a Personal Protection Order in Oceana County.

15. The only time Defendant filled out a Petition for Personal Protection Order was on January 13, 2010, when she filled out the Petition Defendant filed in Oceana County.

16. The typed Addendum to the Petition for Personal Protection Order was prepared by Ms. Drake on January 13, 2010.

17. On January 13, 2010, Defendant testified before Judge Bradley G. Lambrix of the Oceana County Circuit Court in support of her Petition for a Personal Protection Order.

18. Defendant's testimony was under oath.

19. Defendant provided false testimony to the Oceana County Circuit Court.

20. Based on Defendant's false testimony, the Oceana County Circuit Court granted Defendant's Petition for a Personal Protection Order.

21. Defendant later dismissed the Personal Protection Order proceedings.

22. Defendant Drake sought a Personal Protection Order ("PPO") for an ulterior purpose, specifically to retaliate against Plaintiff Scott for obtaining a Temporary Restraining Order ("TRO").

23. Defendant took actions in pursuit of the PPO that were and are improper, including but not limited to giving false testimony to the Oceana County Circuit Court. Defendant did so to cause, and did in fact cause, willful and malicious injury to Plaintiff Scott.

24. Defendant Drake's ulterior purpose and her willful and malicious intent is made clear by the timing of her pursuit of the PPO one day after the instant Court entered a TRO against Defendant Drake on January 12, 2010.

25. Defendant Drake's ulterior purpose is also made clear by the fact that Defendant did not file her Petition for a PPO in Muskegon County, believing that her petition would be denied.

26. Defendant Drake's ulterior purpose and her willful and malicious intent are also made clear by the fact Defendant Drake gave false and perjured testimony to the Ocean County Circuit Court.

27. Plaintiff Scott has been injured by Defendant Drake's abuse of process against her, including both economic and noneconomic damages.

WHEREFORE, Plaintiffs request that this Court enter a Judgment in their favor, together with applicable interest and costs of collection, and further finding that the debts are not dischargeable together with any additional relief at law or equity this Court deems just.

Dated: September 3, 2010

                                              RHOADES McKEE
                                              Attorneys for Plaintiffs

                                              By:  */s/ David E. Bevins*
                                                  David E. Bevins (P48955)
                                                  Paul A. McCarthy (P47212)
                                              Business Address:
                                                 600 Waters Building
                                                 161 Ottawa Avenue, N. W.
                                                 Grand Rapids, MI 49503
                                                 Telephone:  (616) 235-3500